**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-CV-424-JBC

DEWAYNE A. MITCHELL                                      PETITIONER

VS:                      **MEMORANDUM OPINION AND ORDER**

STEPHEN DEWALT, Warden                                   RESPONDENT

* * * * * *

Dewayne A. Mitchell, who is confined at the Federal Medical Center (FMC) in Lexington, Kentucky, has submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The matter is before the court for screening.[1]  28 U.S.C. § 2243.  During screening, the allegations in the petition are taken as true and liberally construed in the petitioner's favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, the court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

<u>CLAIMS</u>

The petitioner challenges the Bureau of Prisons' ("BOP") sentence computation which denies him credit toward his federal sentence for time which he spent in state

---

[1]        This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

custody prior to beginning service of his federal sentence.

ALLEGATIONS OF THE PETITION

The following is a summary or construction of the petitioner's allegations in his petition, including attachments.

The petitioner was arrested by state authorities in Knox County, Tennessee, on September 20, 1999, for possession with intent to sell cocaine and a probation violation. He was subsequently placed in the custody of the United States Marshals Service on a writ of *habeas corpus ad prosequendum* to face charges in the United States District Court for the Eastern District of Tennessee. On May 9, 2000, pursuant to a plea agreement, he pled guilty to one count of possessing with intent to distribute cocaine base, for which he was sentenced to 120 months' imprisonment. *United States v. Mitchell*, E.D.TN 3:99-CR-00121-1. The conviction was affirmed on appeal. *United States v. Mitchell*, 16 Fed.Appx. 368, 2001 WL 845364 (6th Cir. 2001) (unpublished).

On May 18, 2000, the petitioner was returned to Knox County custody, and the next day he was sentenced to a state term of 8 years in prison, also pursuant to a plea agreement. The plaintiff claims that part of both plea agreements, which the courts accepted, was for the state and federal courts' sentences to run concurrently.

On July 24, 2000, the petitioner was transferred to the Tennessee Department of Corrections and began service of the state sentence obtained in Knox County. According to attachments to the petition, Mitchell was given prior custody credit toward his state sentence for the initial time beginning with his arrest on September 20, 1999, through October 12, 1999, when he was transferred to the federal Marshals' custody, plus, of course, the time spent in state custody from his May 18, 2000 return from federal custody

2

through his July 16, 2002 release from prison on parole.

At the time of his release on parole, July 16, 2002, the Tennessee Department of Corrections apparently had no record of the federal detainer, only a detainer from Blount County, Tennessee, charging him with possession of Schedule II drugs, simple assault, and domestic violence. Therefore, on that date, Mitchell actually came into the custody of Blount County, which immediately released him on bond. The petitioner remained at large from July 16, 2002, until January 16, 2003, when he was arrested by United States Marshals for the Eastern District of Pennsylvania.

The BOP uses the January 16, 2003, date as marking the beginning of service of the petitioner's federal sentence, consistent with 18 U.S.C. § 3595(a). The BOP has also given him some prior custody credit toward that sentence. That credit was only for October 13, 1999, through May 18, 2000, *i.e.*, time when he was in the custody of the United States Marshals Service for resolution of the federal charges. The petitioner, however, seeks prior custody credit toward the federal sentence from the date of his Knox County arrest, September 20, 1999, through July 16, 2002, when he was paroled from the sentence imposed in Knox County.

The BOP's position is that Mitchell cannot be credited with all of the time he desires. He is entitled to and has received prior custody credit for the period that he was in United States Marshals Service custody, from October 13, 1999, through May 18, 2000, because it was not credited toward his state sentence. Petitioner cannot, however, be credited for the lengthy period of time before and after those dates when he was in state authorities' custody, because 18 U.S.C. § 3585(b) bars the crediting of time in prior detention which was "credited against another sentence."

3

The BOP explains that since the petitioner received credit toward his state sentence from his arrest on September 20, 1999, through October 12, 1999, when he was in federal custody, and also received credit toward his state sentence from the date of his return to state custody, May 18, 2000, through July 16, 2002, when the Tennessee Department of Corrections released him, these periods of time cannot be credited because of the statutory bar to "double counting" in 18 U.S.C. § 3585(b).

The petitioner argues that he should receive the credit which he has requested and that the BOP's calculation should not be permitted, based on this argument:

> . . . that an adverse ruling on his claim by the Court would upset the balance of comity and federalism, and would effectively void the Petitioner's state and federal plea agreements, and open a six (6) year old state conviction, as well as open the six (6) year old federal conviction to collateral attack.

Record No. 1 at 5.

## DISCUSSION

Federal regulations afford prisoners administrative review of the computation of their credits (*see* 28 CFR §§ 542.10-542.16 (2006); *United States v. Lucas,* 898 F.2d 1554, 1556 (11 Cir.1990)), and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies.   *See United States v. Bayless,* 940 F.2d 300, 304-305 (8 Cir.1991); *United States v. Martinez,* 837 F.2d 861, 865-866 (9 Cir.1988).  A district court may grant equitable relief to a petitioner under 28 U.S.C. § 2241.  *Wright v. United States Board of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).

The credit which a federal prisoner may receive for time he has spent in custody prior to commencement of his sentence in prison is, indeed, governed by 18 U.S.C. § 3585(b), which reads as follows:

**(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).  Thus, Congress has limited the available credit for time spent in prior custody in two ways, the statute specifying that credit be given only for time in "official detention" and only for time "that has not been credited against another sentence." *Id.*  It is the second of these restrictions which is at issue herein.

Under the statute, it is the Attorney General, through the Bureau of Prisons, who is authorized to grant a prisoner credit for time spent in pre-sentence detention. *Id.*; *United States v. Wilson*, 503 U.S. 329, 333-35 (1992) (BOP determines credit issues, not the district courts); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993).

The court finds no error in the BOP's interpretation and application of 18 U.S.C. § 3585(b) with regard to Mitchell.  The petitioner has not pointed to any portion of the statute which has been violated, nor cited any interpretive case law suggesting that he is entitled to the credit he seeks.  To the contrary, this court has routinely upheld the BOP"s calculations on prisoners' similar petitions attempting to receive the same double counting which the instant petitioner has requested. *See, e.g.*, *Usher v. Dewalt*, 2006 WL 2092393, *2 (E.D.Ky July 26, 2006) ("double dip" not permitted).

5

In his petition, Mitchell has also claimed that the BOP's refusal to give him credit for time spent in service of the state sentence is a breach of the portions of his plea agreements requiring concurrent service of the federal and state sentences. This issue, however, is not yet ready for court review, as there is no demonstration that the petitioner raised the matter with the BOP.

As stated *supra*, federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* § 542.15 (a) - (b).

It is unclear whether the petitioner exhausted the BOP administrative process with

6

regard to the calculation of his sentence under the statute, as he does not provide a copy of his appeal to the BOP's national office, the final step in the above-described administrative process. As to this step, the petitioner states only that he appealed to the national office, he later corrected a problem with his initial submissions which the national office had pointed out, but he never heard from that office again. He supplies his letter of inquiry about it months later and the BOP's response that the appeal had been returned to him months earlier.

What is clear, from the documents written by the warden and the regional director at steps 2 and 3 in the BOP administrative scheme, is that the petitioner requested that the BOP credit him with the entire time spent in state custody, as he has seeks here, and the BOP denied the credits, based upon 18 U.S.C. § 3585(b). Accordingly, the record in this case was sufficient for the court to address the merits of his claim that the calculation is incorrect under the statute.

With regard to the claim that the same calculation constitutes a breach of his plea agreement(s), however, the petitioner has not alleged or demonstrated that he raised and exhausted his claim that the BOP has breached his federal plea agreement, which called for service of his federal sentence to run concurrently with service of the sentence handed down in the state court in Knox County, Tennessee. Since he has not shown exhaustion of his administrative remedies with regard to this claim, the court will not address the claim on its merits.

One of the reasons for the exhaustion requirement is that the administrative proceedings generate documents which constitute a record for the court to review. *See*

*Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).  The petitioner having failed to pursue the breach-of-plea-agreement claim through the BOP's administrative process, the court lacks such a record.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Dewayne A. Mitchell's petition for writ of habeas corpus is **DENIED**, *sua sponte*; and

(2)     the action herein will be **DISMISSED** from the docket of the court, and judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the respondent.

Signed on January 24, 2007

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY